UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DENESE SHERVINGTON,

                 Plaintiff,                09 Civ. 4273

    -against-                          OPINION

VILLAGE OF PIERMONT, et al.,

                 Defendants.

------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/10

       Attorney for Plaintiff

       SCHOEPS & SPECHT
       334 S. Middletown Road
       Nanuet, NY  10954
       By:  Michael B. Specht, Esq.

       Attorneys for Defendants

       RUTHERFORD & CHRISTIE, LLP
       369 Lexington Avenue, 8th Floor
       New York, NY  10017
       By:  Julie Ann Rivera, Esq.
            Lewis R. Silverman, Esq.

**Sweet, D.J.**

Defendants Village of Piermont (the "Village" or
the "Village Defendants") and John Angelis ("Angelis")
(collectively, the "Defendants") have moved pursuant to
Rule 12(b)(6), Fed. R. Civ. P., to dismiss in part the
complaint of Plaintiff Denese Shervington ("Shervington" or
"Plaintiff") alleging violations of the Equal Protection
Clause and the Due Process Clause of the Constitution,
interference with Plaintiff's right to hold and sell real
property in violation of 42 U.S.C. § 1982, and, under New
York law, prima facie tort, negligence, fraud, intentional
infliction of emotional distress and, in the case of the
Village Defendants only, negligent hiring, training,
retention, and supervision of Angelis.  The alleged
violations arose out of Angelis's inspection of
Shervington's home.  The motion does not address the
allegations of fraud.

Based upon the conclusions set forth below,
Defendants' motion is granted in part and denied in part.
The Plaintiff is granted leave to replead in accordance
with this opinion and order.

1

## I. PRIOR PROCEEDINGS

The complaint in this action (the "Complaint")
was filed on March 6, 2009 in Supreme Court, County of
Rockland. A notice of removal was filed on May 1, 2009.
Defendants moved to dismiss the Complaint, pursuant to Rule
12(b)(6), Fed. R. Civ. P., on June 26, 2009. Defendants'
motion was heard and marked fully submitted on September 9,
2009.

## II. PARTIES AND PLAINTIFFS' ALLEGATIONS

The following allegations, taken from the
Complaint, are accepted as true for the purpose of
resolving the motion to dismiss.

### The Parties

Plaintiff Shervington is an African American
female who owed real property located at 664 Piermont
Avenue (the "Premises"), in the Village of Piermont, within
the County of Rockland, New York.

Defendant Village of Piermont is a municipal corporation located within the County of Rockland, New York.

Defendant John Angelis, a resident of Rockland County, was employed as the Building Inspector of the Village of Piermont at all times mentioned herein.

## Factual Background

Plaintiff purchased the Premises in March 2005, at which time there existed a finished basement that included a kitchen and a bathroom, installed at the time the house was constructed in 1999, in accordance with approved plans and permits, and meeting all applicable state and local building codes. Prior to the purchase, Plaintiff's title company requested a violation search of the Premises on her behalf. Defendant Angelis, acting within the scope of his employment as Building Inspector for the Village, informed the title company that no violations existed at the Premises.

In the Fall of 2007, Plaintiff entered into a contract by terms of which she agreed to sell the premises

to a third party purchaser.  Pursuant to a request for
violation information by the purchaser's title company,
Defendant Angelis conducted an interior inspection of the
premises.  Angelis informed Shervington that illegal or
unauthorized improvements had been made to the interior of
the property, including but not limited to the basement
being converted to a finished space, and the installation
of a kitchen and bathroom therein.  Angelis instructed
Plaintiff that she should retain the services of a building
contractor he would recommend to bring the premises into
compliance.  The Plaintiff refused to retain the contractor
recommended by Angelis.

Angelis then informed Pplaintiff that the
entirety of the construction in the basement had to be
demolished, the framing and sheet rock destroyed, the
electrical wiring and fixtures removed, and the insulation,
plumbing, fixture and appliance removed.  On December 10,
2007, the Village Defendants and Angelis issued to
Plaintiff a Notice of Violation ordering her to commence
the said demolition and threatening criminal prosecution
unless the demolition was completed by December 28, 2007.
Defendants refused to permit Plaintiff and her contractor
to provide certified "as built" plans or otherwise

4

demonstrate that the work performed in the basement
complied with state and local building codes, and instead
insisted on the complete demolition and conversion of the
basement to unfinished space.

Plaintiff was forced to delay closing of title on
the sale of the premises to her purchaser. In order to
remove the pending violations Plaintiff dismantled the
basement construction causing her to expend large sums of
money. Plaintiff was then required to rebuild the basement
as previously constructed in order to honor the contractual
obligation to her purchaser that the Premises would include
the finished basement. As a result of the three-month
delay in the sale of the Premises, Plaintiff had to reduce
the sale price of the property, pay additional attorney's
fees, carrying costs, and expenses for the Premises.

## III.  DISCUSSION

### A.  Rule 12(b)(6) Standard

On a motion to dismiss pursuant to Rule 12, all
factual allegations in the complaint are accepted as true,
and all inferences are drawn in favor of the pleader.

<u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1174 (2d

Cir. 1993). The issue "is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." <u>Villager Pond, Inc.</u>

<u>v. Town of Darien</u>, 56 F.3d 375, 378 (2d Cir. 1995) (quoting

<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 235-36 (1974)).


However, while the pleading standard set forth in

Rule 8 of the Fed. R. Civ. P. is a liberal one,

> the pleading standard Rule 8 announces . . .
> demands more than an unadorned, the-defendant-
> unlawfully-harmed-me accusation. A pleading that
> offers labels and conclusion or a formulaic
> recitation of the elements of a cause of action
> will not do. Nor does a complaint suffice if it
> tenders naked assertions devoid of further
> factual enhancement.

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal

citations and quotation marks omitted). Thus, a complaint

must allege sufficient factual matter to "state a claim to

relief that is plausible on its face." <u>Id.</u> (quoting <u>Bell</u>

<u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In

meeting this "plausibility standard," the plaintiff must

demonstrate more than a "sheer possibility" of unlawful

action; pleading facts that are "'merely consistent with' a

defendant's liability . . . 'stops short of the line

6

between possibility and plausibility of entitlement to
relief.'" Id. (quoting Twombly, 550 U.S. at 557); see also
Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 131
(2d Cir. 2007) ("Although the pleading standard is a
liberal one, bald assertions and conclusions of law will
not suffice.  To survive dismissal, the plaintiff must
provide the grounds upon which his claim rests through
factual allegations sufficient to raise a right to relief
above the speculative level." (internal quotation marks and
citations omitted)); Gavish v. Revlon, Inc., No. 00-CV-
7291, 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004)
("[B]ald contentions, unsupported characterizations, and
legal conclusions are not well-pleaded allegations and will
not defeat a motion to dismiss.").

### B.  Plaintiff Has Sufficiently Impleaded the Village as a Defendant

Defendants argue that Plaintiff cannot establish
a policy or custom of the Village which authorized
Angelis's decision and behavior, as required by Monell v.
Department of Social Services, 436 U.S. 658 (1978), to
implead a government defendant.  Id. at 694-95.  However,
municipal liability may be imposed for a single decision by
a municipal policymaker under appropriate circumstances.

7

"If the decision to adopt a particular cause of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." Pembaur v. City of Cincinnati, 475 U.S. 469, 470 (1986). The Second Circuit Court of Appeals has left open the possibility that a building inspector's conduct could give rise to a Monell claim, even absent a general policy. Sullivan v. Town of Salem, 805 F.2d 81, 87 (2d Cir. 1986) (reversing summary judgment and remanding to the district court for determination of whether building inspector's acts were authorized by town policy). Furthermore, Monell was decided on the merits, not on a motion to dismiss. Given that no discovery has taken place, Plaintiff has been unable to determine the extent of Angelis's policymaking authority, or the extent to which the Village dictated the way in which Mr. Angelis made his determinations of violations.

## C. **Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress**

The Plaintiff's First Cause of Action states that Defendants "intentionally and with malice inflicted emotional distress upon the plaintiff, causing [her] to

8

suffer emotional trauma, stress, and pecuniary loss."
Compl. ¶ 36. "To state a claim for intentional infliction
of emotional distress, a plaintiff must allege (1) extreme
and outrageous conduct; (2) intent to cause, or disregard
of a substantial probability of causing, severe emotional
distress; (3) a causal connection between the conduct and
the injury; and (4) severe emotional distress." Emanuele
v. Town of Greenville, 143 F. Supp. 2d 325, 335 (S.D.N.Y.
2001) (quoting Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121
(1993)). "Liability occurs only where the conduct is so
outrageous in character, so extreme in degree, as to be
atrocious, to exceed all possible bounds of decency, and to
be utterly intolerable in a civilized society." Id.
(quoting Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293,
461 (1983)). New York courts have been strict in applying
these standards. Id.

Plaintiff alleges that Angelis arbitrarily
determined that the construction of her basement violated
building codes and, when she would not use the contractor
he suggested to her, required that the Premises had to be
demolished. While such allegations, if true, would
certainly indicate that Angelis had acted unprofessionally,
and indeed irrationally, it is not conduct which is "so

9

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Restatement 2d of Torts § 46, comment d.

## D. **Plaintiff Has Adequately Pleaded a Claim for Prima Facie Tort**

Plaintiff's Second Cause of Action alleges a "tort per se" or prima facie tort. "The requisite elements of a cause of action for prima facie tort are: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful." Rosa v Levinson, 2009 LEXIS Misc 2711, *8-9 (N.Y. Sup. Ct. Sept. 30, 2009) (quoting Freihofer v Hearst Corp. 65 N.Y.2d 135, 142-43 (1985)).

Here, the Complaint states that Angelis, under the authority of the Village, acted maliciously in requiring her to demolish her basement, and alleges special damages in the cost of its demolition and reconstruction. Angelis's conduct, if justified by the existence of actual violations, or his good faith belief that such violations

existed, would be lawful.  Therefore the Plaintiff has adequately pleaded a claim for prima facie tort.

**E.  Plaintiff Has Adequately Pleaded a Claim Against Defendant Angelis for Common Law Negligence, But Has Failed to Sufficiently Plead Such a Claim Against the Village Defendants**

Plaintiff's Fourth Cause of Action alleges that Defendants "negligently failed to observe that the improvements constructed in the basement of the Premises were legal, authorized and/or code compliant, and negligently ordered the demolition of the same." Compl. ¶ 43.  To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was the proximate cause of his or her injuries. Gordon v. Muchnick, 579 N.Y.S.2d 745, 746 (App. Div. 1992). A defendant must have owed a duty of reasonable care to the particular plaintiff; absent such a duty, there can be no breach thereof and no liability. See Palsgraf v. Long Island R.R. Co., 162 N.E. 99, 101 (N.Y. 1928).  The determination of whether a duty exists is based on a careful inquiry whereby common sense, science, and policy play an important role in determining whether to impute liability for the damage suffered by one onto another.

Waters v. N.Y. City Hous. Auth., 505 N.E.2d 922, 923 (N.Y. 1987) (citing De Angelis v. Lutheran Med. Ctr., 449 N.E.2d 406, 407 (N.Y. 1987)).

In the instant case, Angelis had the sole responsibility to determine whether or not Shervington's house was compliant with building codes, and such responsibility was within the scope of his role as Building Inspector for the Village of Piermont. He inspected Plaintiff's property personally and held himself out as a person of relevant experience and adequate qualification to perform the inspection. He therefore owed her a duty of care in carrying out his inspection. According to the facts alleged in the Complaint, he breached this duty by failing to ascertain whether the structure in the basement had already been approved as code compliant or to take any reasonable measures to allow the Plaintiff to demonstrate this fact. Because of this breach, Plaintiff was forced to pay for the demolition and reconstruction of her basement and the kitchen and bathroom therein. The Plaintiff has therefore adequately pleaded a claim for negligence against Angelis.

However, a different standard exists for determining negligence on behalf of a municipality. "With

respect to members of the general public, no liability
attaches for a violation of a general duty owed by the town
to the public at large. The issuance of a certificate of
occupancy and/or a building permit is a governmental
function for which a municipality may not be held
responsible for damages." Okie v. Village of Hamburg, 196
A.D.2d 228, 231 (N.Y. App. Div. 1994) (internal citations
and quotation marks omitted). A municipality may only be
held liable when a "special relationship" exists between it
and the injured party. Such a relationship exists when
there has been "(1) an assumption by the municipality,
through promises or actions, of an affirmative duty to act
on behalf of the party who was injured; (2) knowledge on
the part of the municipality's agents that inaction could
lead to harm; (3) some form of direct contact between the
municipality's agents and the injured party; and (4) the
party's justifiable reliance on the municipality's
affirmative undertaking." Taunus Corp. v. City of New
York, 279 F. Supp. 2d 305, 310 (S.D.N.Y. 2003) (quoting
Cuffy v. City of New York, 505 N.E.2d 937, 940 (N.Y.
1987)). See also Okie, 196 A.D.2d at 232 (finding
negligence when "the municipality has violated a duty
commanded by a statute enacted for the special benefit of
particular persons; where the municipality has voluntarily

13

assumed a duty, the proper exercise of which was
justifiably relied upon by persons benefited thereby; or
where it assumes positive direction and control under
circumstances in which a known, blatant and dangerous
safety violation exists." (internal citations omitted)).

As determined in Okie, the responsibility to
issue a certificate of occupancy when a residence meets
certain statutorily defined standards is not a
responsibility voluntarily assumed or statutorily
delineated which the municipality owes to a particular
person, but rather an obligation owed to the entire
community. Accordingly, no special relationship exists
between Plaintiff and the Village, and therefore no duty of
care was at issue under these circumstances.

Plaintiff's claim for negligence stands as to
Defendant Angelis but is dismissed as to the Village
Defendants.

## F.  **Plaintiff Has Failed to State a Cause of Action for Negligent Hiring, Training, Supervision, or Retention**

Plaintiff's Fifth Cause of Action alleges that the
Village was negligent in hiring, training, retaining, and

supervising Angelis because they knew or should have known that he "was prone to acting in an improper, arbitrary, malicious, and unlawful manner." Compl. ¶ 46. A necessary element of negligent hiring, retention, or supervision claims is that the employer had reason to know about the employee's tendency to behave in such a way that caused the injury. See Kenneth R. v. Roman Catholic Dioceses, 229 A.D.2d 159, 163 (N.Y. App. Div. 1997); Sandra M. v. St. Luke's Roosevelt Hosp. Ctr., 33 A.D.3d 875, 878 (N.Y. App. Div. 2006). The Complaint does not allege any facts suggesting a pattern of Angelis's conduct that would have alerted the Village to his propensity for such behavior. Although the Plaintiff refers in her memorandum of opposition to Defendants' motion to letters to the Village Defendants alleging Angelis's unprofessional conduct, those letters are dated after the events at issue in the Complaint. Therefore, even if they could be relied on for the purposes of a motion to dismiss, see Section III(G) infra, they do not indicate that the Village had notice of Angelis's behavior before he performed Shervington's inspection, and certainly would not be grounds for a negligent hiring claim as they all occurred after he had been hired. Therefore, Plaintiff's claim for negligent hiring, training, supervision and retention is dismissed.

## G. **Plaintiff Fails to Allege a Violation of her Right to Equal Protection**

Plaintiff's Sixth Cause of Action alleges that "defendants treated [her] differently than white or male persons in the same situation, by forcing her to remove lawful and/or code compliant improvements and not forcing other individuals to do the same." Compl. ¶ 49.

She makes her allegations under the Equal Protection Clauses of the United States and New York Constitutions. However, the analysis below is contained to the federal Constitution as her federal allegation is that which allows this Court to take jurisdiction.

The Equal Protection Clause requires that State actors should treat "all persons similarly situated . . . alike." Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To succeed on an Equal Protection claim pursuant to 42 U.S.C. § 1983, the Plaintiff is required to show "purposeful discrimination directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1056 (2d Cir. 1995) (internal citations omitted). "To prevail on a claim of selective enforcement, plaintiffs in this

Circuit traditionally have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (internal quotation marks omitted).

The Complaint does not establish how Plaintiff was selectively treated, or give any grounds for establishing that such treatment was based on impermissible considerations, other than stating that she belongs to a protected class of persons. Nor does it identify any persons who were given a certificate of occupancy for a property on which Angelis determined that there were violations, or that Angelis had adjudged previous properties constructed similarly to Shervington's to be free from violations, or that Angelis had permitted more moderate measures than demolition to allow for inspection of the construction of properties found to have violations. As such, she has failed to plead any facts which would support her claim under the Equal Protection Clause.

Plaintiff does include with her moving papers an affidavit in which she states that Angelis referred to her as an "ignorant woman" when she said that she had only relied on the previous owners' construction standards, which had been approved by the Village inspectors. Shervington Aff. ¶ 13. However, that affidavit does not provide grounds to believe that his decision not to issue the violation was based on his consideration of her gender or that he was motivated by any prejudice against women. Additionally, while affidavits attached to the complaint may be considered on a motion to dismiss, see Cortec v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991), a complaint cannot be modified by a party's affidavit or by papers filed in response to a motion to dismiss, Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998) (party may not allege new facts in statements made in briefs). Whether or not the finding of violations in Shervington's home was merited, the Complaint does not establish that she was treated differently from other similarly situated people, or that her treatment was based on her identity as an African American woman.

Accordingly, Plaintiff's claim for a violation of
the Equal Protection Clause is denied.

## H. The Plaintiff Has Failed to Adequately Plead a Claim for Obstruction of the Right to Hold and Sell Real Property

Plaintiff's Seventh Cause of Action alleges that
Defendants "interfered with and obstructed plaintiff's
right to hold and sell real property in violation of 42
U.S.C. § 1982." Compl. ¶ 51. Section 1982 guarantees all
citizens the right to inherit, purchase, lease, sell, hold,
and convey real and personal property. It also prohibits
discrimination in the sale or rental of property. Prompt
Couriers Servs. Inc. v. Koch, No. 89-CV-3053, 1990 WL
100904, at *6 (S.D.N.Y. July 13, 1990) (quoting Jones v.
Alfred H. Mayer Co., 392 U.S. 409, 421-22 (1968)). Section
1982 only prohibits discrimination on the basis of race.
See CBOCS WEST, Inc. v. Humphries, 128 S. Ct. 1951, 1968
(2008) (Thomas, J., dissenting); see also Puglisi v.
Underhill Park Taxpayers Ass'n, 947 F. Supp. 673, 684, 686
(S.D.N.Y. 1996). Section 1982 deals specifically with
racial discrimination and is not a comprehensive law
against discrimination "in the provision of services or
facilities in connection with the sale or rental of a

dwelling." <u>Wheatley Heights Neighborhood Coalition v.</u>
<u>Jenna Resales Co., et al.</u>, 447 F. Supp. 838, 843 (E.D.N.Y.
1978) (quoting <u>Jones v. Alfred H. Mayer Co.</u>, 392 U.S. at
413-14)(1968)).

A complaint alleging discrimination under § 1982
"must specifically allege an intent to discriminate on the
basis of race by the defendant." <u>Sanders v. Grenadier</u>
<u>Realty, Inc.</u>, No. 08-CV-3920, 2009 WL 1270226, at *2
(S.D.N.Y. May 6, 2009) (quoting <u>Jones v. Nat'l Commc'n &</u>
<u>Surveillance Networks</u>, 409 F. Supp. 2d 456, 470 (S.D.N.Y.
2006)). To state a prima facie case of discrimination
under § 1982, the plaintiff must allege that she was
deprived of a property right because of her race and that
the race based deprivation was intentional. <u>Jones v.</u>
<u>Alfred H. Mayer Co</u>, 392 U.S. at 436. Merely stating
membership in a racial minority and nothing more is not
sufficient to survive a motion to dismiss. See <u>Jones v.</u>
<u>Nat'l Commc'n</u>, 409 F. Supp. 2d at 470-71.

As has already been determined, the Complaint
does not allege facts which suggest intentional
discrimination, or discrimination of any kind, as a result

of the plaintiff's racial identity.  Therefore Plaintiff's
claim under § 1982 is dismissed.


I.  **Plaintiff Has Not Established a Cause of Action for
    Denial of Procedural Due Process But Has Sufficiently
    Pleaded a Claim for Denial of Substantive Due Process**

         Plaintiff's Eighth Cause of Action alleges that
Defendants violated her right to procedural and substantive
due process.


         She makes her allegations under the Equal
Protection Clauses of the United States and New York
Constitutions.  However, the analysis below is contained to
the federal Constitution as her federal allegation is that
which allows this Court to take jurisdiction.


         Plaintiff's claim that she was denied procedural
due process overlooks the fact that she opted not to pursue
an Article 78 proceeding in New York State courts, a
procedural step that was available to challenge Angelis's
decision.  An Article 78 proceeding is a hearing through
which "challenges may be made to determinations rendered by
governmental bodies and agencies which are 'in violation of
lawful procedure, . . . affected by an error of law, or

[are] arbitrary and capricious or an abuse of discretion.'"
Hughes Vill. Rest., Inc. v. Vill. of Castleton-on-Hudson,
46 A.D.3d 1044, 1046 (N.Y. App. Div. 3d Dep't 2007)
(quoting N.Y. C.P.L.R. § 7803). New York Village Law § 7-
712(b)(1) also permits a local board of appeals to review a
decision of an administrative official such as a building
inspector.

The Second Circuit Court of Appeals has held "on
numerous occasions that an Article 78 proceeding is a
'perfectly adequate post-deprivation remedy in situations'
involving claims of deprivations of liberty or property
interests where such deprivations result from random and
arbitrary acts of state employees." Federico v. Bd. of
Educ. of the Public Schs. of the Tarrytowns, 955 F. Supp.
194, 201 (S.D.N.Y. 1997) (quoting Hellenic Am. Neighborhood
Action Comm. v. City of New York, 101 F.3d 877, 881 (2d
Cir. 1996)); see also Spang v. Katonah Lewisboro Union Free
Sch. Dist., 626 F. Supp. 2d 389, 397 (S.D.N.Y. 2009);
Rivera v. Comty Sch. Dist., No. 00-CV-8208, 2002 WL
1461407, at *6 (S.D.N.Y. July 8, 2002).

The proper procedural response to Plaintiff's
impression that Angelis denied her due process by making an

arbitrary and capricious decision was to challenge that
action in an Article 78 proceeding.  As this procedure was
available to her, Plaintiff has not demonstrated that she
was deprived of procedural due process.  See Federico, 955
F. Supp. at 202.


          Plaintiff also claims that the Defendants'
actions denied her substantive due process.  Substantive
due process has been characterized as imposing limits on
state action regardless of what procedural protection is
provided.  Substantive due process analysis requires (1)
identifying the constitutional right at stake, and (2) a
consideration of whether the state-action was arbitrary in
the constitutional sense.  Lowrance v. Achtyl, 20 F.3d 529,
537 (2d Cir. 1994) ("[S]ubstantive due process protects
against governmental action that is arbitrary, conscience-
shocking, or oppressive in a constitutional sense.").  The
constitutional right at stake is Plaintiff's property
interest in her home.  As to the second consideration, the
Second Circuit has explained the standards of substantive
due process are violated by "conduct that is so
outrageously arbitrary as to constitute a gross abuse of
governmental authority."  Harlen Assocs. v. Vill. Of

<u>Mineola</u>, 273 F.3d 494, 505 (2d Cir. 2001) (internal citations and quotation marks omitted).

        Plaintiff alleges that Angelis groundlessly determined that there were violations in the construction of her basement kitchen and bathroom, and insisted that it be demolished rather than brought into compliance when she refused to hire a contractor he recommended. The Village subsequently sent a letter ordering her to commence the demolition or face criminal prosecution. Such behavior, if proven, plainly would meet the standard in <u>Lowrance</u>, 20 F.3d at 537, and constitute "a gross abuse of governmental authority." <u>Harlen</u>, 273 F.3d at 505.

        Accordingly, Plaintiff's claim for procedural due process violation is dismissed but her claim for a violation of substantive due process stands.

## **Conclusion**

        In light of the foregoing facts and conclusions, Defendants' motion is granted in part and denied in part.

The Plaintiff is granted leave to replead in accordance with this opinion and order.

It is so ordered.

**New York, New York**

**January** 7 **, 2010**

ROBERT W. SWEET
U.S.D.J.