UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DENESE SHERVINGTON,

                Plaintiff,          09 Civ. 4273

  -against-                             OPINION

THE VILLAGE OF PIERMONT and
JOHN ANGELIS, as Building Inspector
of the Village of Piermont and
Individually,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    SCHOEPS & SPECHT
    334 S. Middletown Road
    Nanuet, New York 10954
    By: Michael B. Specht, Esq.

    Attorneys for Defendants

    RUTHERFORD & CHRISTIE, LLP
    369 Lexington Avenue, 8th Floor
    New York, NY 10017
    By: Julie Ann Rivera, Esq.
        Lewis R. Silverman, Esq.

**Sweet, D.J.**

The Plaintiff Denese Shervington ("Shervington" or the "Plaintiff") has moved pursuant to Local Rule 6.3 for reconsideration of the Opinion of January 7, 2010 (the "January 7 Opinion"). Because the motion was untimely, it is denied. However, as set forth below, a portion of the January 7 Opinion is withdrawn pursuant to Fed. R. Civ. P. 54(b).

The January 7 Opinion held that the Plaintiff in her Fifth Cause of Action failed to allege adequately that the defendant, the Village of Piermont (the "Village"), was negligent in the hiring, training, retaining and supervising the defendant John Angelis ("Angelis"). In that connection, the January 7 Opinion referred to letters submitted to the Village alleging unprofessional conduct of Angelis', stating "those letters are dated after the events at issue in the complaint." As set forth in Shervington's instant motion, fully submitted on March 31, 2010, that statement was factually in error.

Shervington filed the instant motion 30 days after the entry of the January 7 Opinion as a result of the

1

failure of ECF notification to Shervington's counsel after removal of the action from state court.

Law office failure rarely constitutes an excusable neglect. See Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 250-51 (2d Cir. 1997). "Attorneys have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries." Friedman v. SUNY, et al., 2006 U.S. Dist. LEXIS 72642 at *8 (N.D.N.Y. Oct. 5, 2006). A failure to diligently check the Court's docket does not constitute excusable neglect. Id. at *11.

Under Fed. R. Civ. P. 54(b) as well as the inherent power of the court to reconsider a prior decision at any time before the entry of final judgment, Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997), the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). The Court has

2

"discretion to consider a motion for reargument notwithstanding the movant's failure to comply with Local Rule [6.3]'s requirements, but it will only exercise this discretion when justice so requires." <u>Church of Scientology Int'l v. Time Warner, Inc.</u>, No. 92 Civ. 3024, 1997 WL 538912 at *4 (S.D.N.Y. August 27, 1997). The Court has the discretion to correct an error in the interest of justice, and here it serves the interest of justice for the Court to rectify what appears to be a simple but consequential misreading of the dates of the letters offered as exhibits.

The portion of the January 7 Opinion holding that Shervington made inadequate allegations of negligent training, supervision and retention of Angelis is withdrawn.

It is so ordered.

**New York, NY**
**August 9, 2010**

ROBERT W. SWEET
U.S.D.J.