UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DENISE SHERVINGTON,

                Plaintiff,            09 Civ. 4273

   -against-                     OPINION

VILLAGE OF PIERMONT and JOHN ANGELIS
as Building Inspector of the Village
of Piermont and Individually,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

<div style="border:1px solid">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7 3 12
</div>

        Attorneys for Plaintiff

        SCHOEPS & SPECHT
        334 S. Middletown Road
        Nanuet, NY  10954
        By:  Michael B. Specht, Esq.


        Attorneys for Defendants

        RUTHERFORD & CHRISTIE, LLP
        369 Lexington Avenue, 8th Floor
        New York, NY  10017
        By:  Lewis R. Silverman, Esq.
            Christopher J. Soverow, Esq.

**Sweet, D.J.**

The defendants the Village of Piermont ("the Village") and John Angelis ("Angelis" and, with the Village, the "Defendants") have filed a bill of costs following this Court's partial grant of Defendants' motion for summary judgment. Plaintiff Denise Shervington ("Shervington" or the "Plaintiff") has filed an objection.  On the facts and conclusions set forth below, Defendants' motion for costs is denied.

## Prior Proceedings

The facts and prior proceedings of the case are detailed in the Court's opinion filed May 16 addressing Defendants' motion for summary judgment.  See Shervington v. Village of Piermont, No. 09 Civ. 4273, 2012 WL 1757527 (S.D.N.Y. May 16, 2012).  Familiarity with those facts and prior proceedings is assumed.

On May 16, 2012, the Court issued an opinion granting Defendants' motion for summary judgment with respect to Plaintiff's federal cause of action and declining supplemental jurisdiction over Plaintiff's state causes of action.  On June 1, 2012, Defendants filed a bill of costs detailing total costs

2

of $4,563.91 and asked that the Clerk of the Court request that costs be issued in that amount with interest running at the rate of 3.01 % from the date of entry of judgment.  Plaintiff has filed an objection to Defendants' bill of costs, and Defendants have submitted a reply to Plaintiff's objections.  Defendants' request for costs was marked fully submitted on June 21, 2012.

**The Applicable Standard**

Fed. R. Civ. P. 54(d) generally governs the taxation of costs against an unsuccessful litigant in federal district court:

> **Costs Other Than Attorneys' Fees**.  Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).  The Supreme Court has held that the term "costs" includes only the specific items enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); accord United States ex rel. Evergreen Pipeline Constr. Co. v.

Merritt Meridian Constr. Corp., 95 F.3d 153, 171 (2d Cir. 1996).
That statute provides that the clerk may tax as costs the
following: (1) fees of the clerk and marshal; (2) fees for
printed or electronically recorded transcripts necessarily
obtained for use in the case; (3) fees and disbursements for
printing and witnesses; (4) fees for exemplification and the
costs of making copies of any materials where copies are
necessarily obtained for use in the case; (5) docket fees under
Section 1923 of Title 28; (6) compensation of court appointed
experts, compensation of interpreters, and salaries, fees,
expenses, and costs of special interpretation services under
Section 1828 of Title 28.  28 U.S.C. § 1920.

        "[B]ecause Rule 54(d) allows costs 'as of course,'
such an award against the losing party is the normal rule
obtaining in civil litigation, not an exception." Whitfield v.
Scully, 241 F.3d 264, 270 (2d Cir. 2001) (citing Mercy v. County
of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984)).  "For this reason,
the losing party has the burden to show that costs should not be
imposed; for example, costs may be denied because of misconduct
by the prevailing party, the public importance of the case, the
difficulty of the issues, or the losing party's limited
financial resources." Id. (citing Ass'n of Mexican Am.
Educators v. California, 231 F.3d 572, 592-93 & n.15 (9th Cir.

2000) (en banc); Cantrell v. Int'l Bhd. of Elec. Workers, 69
F.3d 456, 459 (10th Cir. 1995) (en banc)); see also Altvater
Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia
S.A., No. 06 Civ. 6510(HB), 2011 WL 2893087, at *6 n.27
(S.D.N.Y. July 14, 2011).  "In light of the general rule, when a
prevailing party is denied costs, a district court must
articulate its reasons for doing so." Whitfield, 241 F.3d at
270 (citing Cantrell, 69 F.3d at 459).  Local Civil Rule 54.1 of
the Southern District of New York presents further guidance and
deadlines with respect to the submission of a bill of costs.


**Defendants' Motion For Costs Is Denied**


        Defendants filed their bill of costs on May 31, 2012,
and Plaintiff filed her objections to Defendants' bill of costs
on June 21.  Plaintiff contends that Defendants failed to comply
with Local Rule 54.1, which requires that a party seeking to
recover costs file a notice indicating the date and time of
taxation, which must be served upon the other party no less than
seven days before the date and time fixed for the application.
According to Plaintiff, Defendants failed to serve or file any
such notice and simply filed their proposed bill of costs,
thereby making their application procedurally defective.
Plaintiff further contends that Defendants have violated Local

Rule 54.1 by failing to attach as exhibits to their application

the bills for the costs they are claiming.  Plaintiff also

states that, since this Court only ruled on the federal claim

and did not grant Defendants' motion for summary judgment on the

state causes of action, denial of the request for costs would be

appropriate so as not to unduly punish Plaintiff for seeking

redress.  Additionally, according to Plaintiff, the amounts

Defendants is seeking are, in some cases, excessive or

unmerited.

Defendants answer these objections stating that in all

matters prior to this, taxation has been assessed by the Court

automatically starting seven days after the filing and service

of a bill of costs, and Defendants provided the taxation rate

with this understanding from past experience in mind.  As such,

Defendants request that taxation run starting seven days from

May 31, 2012.  Defendants contend that neither Plaintiff nor

Plaintiff's counsel has suffered any prejudice from this

procedural violation.  With respect to the absence of invoices,

Defendants state that past practices before the district courts,

the Second Circuit and the New York State courts have been

satisfied by the submission of an affirmation only and proof of

costs upon request.  Defendants, in their reply, attach copies

of invoices that have been duly paid by Defendants.  According

to Defendants, Plaintiff's argument that costs should be denied
because state law claims are potentially active is without
merit, as Defendants were forced to remove this matter to
federal court to adjudicate the federal constitutional claim in
the proper forum.  Defendants also contest Plaintiff's
characterization that some of the amounts detailed in the bill
of costs are excessive.

In Association of Mexican-American Educators v. State
of California, 231 F.3d 572 (9th Cir. 2000), a case cited
favorably by this Circuit, see Whitfield, 241 F.3d at 270, the
United States Court of Appeals for the Ninth Circuit held that a
district court did not abuse its discretion in refusing to award
costs to the prevailing defendants on a summary judgment motion
when the district court gave several reasons for denying costs,
including, inter alia, the fact that "the issues in the case
[were] close and difficult."  Ass'n of Mexican-Am. Educators,
231 F.3d at 592.  The Ninth Circuit, in supporting this
rationale as a valid reason for denying costs, cited cases from
other United States Courts of Appeals.  See id. at 592 n.15
(citing Teague v. Bakker, 35 F.3d 978, 997 (4th Cir. 1994);
White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 733
(6th Cir. 1986)).  Additionally, the Ninth Circuit noted that
"[o]ther reasons for denying costs that circuit courts have

7

approved include: the 'nominal' or partial nature of the
prevailing party's recovery," id. (citing Richmond v. Southwire
Co., 980 F.2d 518, 520 (8th Cir. 1992); Howell Petro. Corp. v.
Samson Res. Co., 903 F.2d 778, 783 (10th Cir. 1990)), "and the
good faith of the losing party." Id. (citing Teague, 35 F.3d at
997; White, 786 F.2d at 730).


        "Due to the strong presumption that costs are awarded
to the prevailing party, the losing party bears the burden of
convincing the district court to exercise its discretion in
denying an award of costs." Altvater Gessler, 2011 WL 2893087,
at *6.  In this case, Plaintiff has carried that burden.  The
issues presented on summary judgment in the present action were
"close and difficult," as the factual record "presented evidence
establishing Angelis to have acted in a manner that is
arbitrary, vindictive and potentially corrupt." Shervington,
2012 WL 1757527, at *12.  Additionally, the victory of the
prevailing party in this case was only a partial one, as
Defendants' motion for summary judgment was granted in part with
the Court declining to extend supplemental jurisdiction over
Plaintiff's state law claims.  Id. at *18.  Finally, there has
been no evidence presented that Plaintiff acted in bad faith.
Accordingly, Defendants' request for costs is denied.

8

Because a decision can be rendered based on the factors enumerated in the Ninth Circuit's <u>Association of Mexican-American Educators v. State of California</u> opinion, Plaintiff's arguments concerning the format of Defendants' bill of costs and the timing of Defendants' submission will not be addressed.

**Conclusion**

Based on the facts and conclusions set forth above, Defendants' request for costs is denied.

It is so ordered.

**New York, NY**
**June 3O , 2012**

ROBERT W. SWEET
U.S.D.J.

9