UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DENISE SHERVINGTON,

                Plaintiff,         09 Civ. 4273

   -against-                     OPINION

VILLAGE OF PIERMONT and JOHN ANGELIS
as Building Inspector of the Village
of Piermont and Individually,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        SCHOEPS & SPECHT
        334 S. Middletown Road
        Nanuet, NY  10954
        By:  Michael B. Specht, Esq.


        Attorneys for Defendants

        RUTHERFORD & CHRISTIE, LLP
        369 Lexington Avenue, 8th Floor
        New York, NY  10017
        By:  Lewis R. Silverman, Esq.
             Christopher J. Soverow, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/12

**Sweet, D.J.**

The defendants the Village of Piermont ("the Village") and John Angelis ("Angelis" and, with the Village, the "Defendants") have filed a bill of costs following this Court's partial grant of Defendants' motion for summary judgment. Plaintiff Denise Shervington ("Shervington" or the "Plaintiff") has filed an objection. On the facts and conclusions set forth below, Defendants' motion for costs is denied.

**Prior Proceedings**

The facts and prior proceedings of the case are detailed in the Court's opinion filed May 16 addressing Defendants' motion for summary judgment. See Shervington v. Village of Piermont, No. 09 Civ. 4273, 2012 WL 1757527 (S.D.N.Y. May 16, 2012). Familiarity with those facts and prior proceedings is assumed.

On May 16, 2012, the Court issued an opinion granting Defendants' motion for summary judgment with respect to Plaintiff's federal cause of action and declining supplemental jurisdiction over Plaintiff's state causes of action. On June 1, 2012, Defendants filed a bill of costs detailing total costs

2

of $4,563.91 and asked that the Clerk of the Court request that costs be issued in that amount with interest running at the rate of 3.01 % from the date of entry of judgment. Plaintiff has filed an objection to Defendants' bill of costs, and Defendants have submitted a reply to Plaintiff's objections. Defendants' request for costs was marked fully submitted on June 21, 2012.

**The Applicable Standard**

Fed. R. Civ. P. 54(d) generally governs the taxation of costs against an unsuccessful litigant in federal district court:

> **Costs Other Than Attorneys' Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). The Supreme Court has held that the term "costs" includes only the specific items enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); accord United States ex rel. Evergreen Pipeline Constr. Co. v.

3

Merritt Meridian Constr. Corp., 95 F.3d 153, 171 (2d Cir. 1996). That statute provides that the clerk may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case; (5) docket fees under Section 1923 of Title 28; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of Title 28. 28 U.S.C. § 1920.

"[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001) (citing Mercy v. County of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984)). "For this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id. (citing Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 592-93 & n.15 (9th Cir.

2000) (en banc); Cantrell v. Int'l Bhd. of Elec. Workers, 69 F.3d 456, 459 (10th Cir. 1995) (en banc)); see also Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., No. 06 Civ. 6510(HB), 2011 WL 2893087, at *6 n.27 (S.D.N.Y. July 14, 2011). "In light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so." Whitfield, 241 F.3d at 270 (citing Cantrell, 69 F.3d at 459). Local Civil Rule 54.1 of the Southern District of New York presents further guidance and deadlines with respect to the submission of a bill of costs.

**Defendants' Motion For Costs Is Denied**

Defendants filed their bill of costs on May 31, 2012, and Plaintiff filed her objections to Defendants' bill of costs on June 21. Plaintiff contends that Defendants failed to comply with Local Rule 54.1, which requires that a party seeking to recover costs file a notice indicating the date and time of taxation, which must be served upon the other party no less than seven days before the date and time fixed for the application. According to Plaintiff, Defendants failed to serve or file any such notice and simply filed their proposed bill of costs, thereby making their application procedurally defective. Plaintiff further contends that Defendants have violated Local

Rule 54.1 by failing to attach as exhibits to their application the bills for the costs they are claiming. Plaintiff also states that, since this Court only ruled on the federal claim and did not grant Defendants' motion for summary judgment on the state causes of action, denial of the request for costs would be appropriate so as not to unduly punish Plaintiff for seeking redress. Additionally, according to Plaintiff, the amounts Defendants is seeking are, in some cases, excessive or unmerited.

Defendants answer these objections stating that in all matters prior to this, taxation has been assessed by the Court automatically starting seven days after the filing and service of a bill of costs, and Defendants provided the taxation rate with this understanding from past experience in mind. As such, Defendants request that taxation run starting seven days from May 31, 2012. Defendants contend that neither Plaintiff nor Plaintiff's counsel has suffered any prejudice from this procedural violation. With respect to the absence of invoices, Defendants state that past practices before the district courts, the Second Circuit and the New York State courts have been satisfied by the submission of an affirmation only and proof of costs upon request. Defendants, in their reply, attach copies of invoices that have been duly paid by Defendants. According

6

to Defendants, Plaintiff's argument that costs should be denied because state law claims are potentially active is without merit, as Defendants were forced to remove this matter to federal court to adjudicate the federal constitutional claim in the proper forum. Defendants also contest Plaintiff's characterization that some of the amounts detailed in the bill of costs are excessive.

In Association of Mexican-American Educators v. State of California, 231 F.3d 572 (9th Cir. 2000), a case cited favorably by this Circuit, see Whitfield, 241 F.3d at 270, the United States Court of Appeals for the Ninth Circuit held that a district court did not abuse its discretion in refusing to award costs to the prevailing defendants on a summary judgment motion when the district court gave several reasons for denying costs, including, inter alia, the fact that "the issues in the case [were] close and difficult." Ass'n of Mexican-Am. Educators, 231 F.3d at 592. The Ninth Circuit, in supporting this rationale as a valid reason for denying costs, cited cases from other United States Courts of Appeals. See id. at 592 n.15 (citing Teague v. Bakker, 35 F.3d 978, 997 (4th Cir. 1994); White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 733 (6th Cir. 1986)). Additionally, the Ninth Circuit noted that "[o]ther reasons for denying costs that circuit courts have

7

approved include: the 'nominal' or partial nature of the prevailing party's recovery," id. (citing Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir. 1992); Howell Petro. Corp. v. Samson Res. Co., 903 F.2d 778, 783 (10th Cir. 1990)), "and the good faith of the losing party." Id. (citing Teague, 35 F.3d at 997; White, 786 F.2d at 730).

"Due to the strong presumption that costs are awarded to the prevailing party, the losing party bears the burden of convincing the district court to exercise its discretion in denying an award of costs." Altvater Gessler, 2011 WL 2893087, at *6. In this case, Plaintiff has carried that burden. The issues presented on summary judgment in the present action were "close and difficult," as the factual record "presented evidence establishing Angelis to have acted in a manner that is arbitrary, vindictive and potentially corrupt." Shervington, 2012 WL 1757527, at *12. Additionally, the victory of the prevailing party in this case was only a partial one, as Defendants' motion for summary judgment was granted in part with the Court declining to extend supplemental jurisdiction over Plaintiff's state law claims. Id. at *18. Finally, there has been no evidence presented that Plaintiff acted in bad faith. Accordingly, Defendants' request for costs is denied.

Because a decision can be rendered based on the factors enumerated in the Ninth Circuit's <u>Association of Mexican-American Educators v. State of California</u> opinion, Plaintiff's arguments concerning the format of Defendants' bill of costs and the timing of Defendants' submission will not be addressed.

**Conclusion**

Based on the facts and conclusions set forth above, Defendants' request for costs is denied.

It is so ordered.

New York, NY
June 30, 2012

*/s/ Robert W. Sweet*

ROBERT W. SWEET
U.S.D.J.